UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELEANOR C. MOSS, as Personal representative of the Estate of ROY L. MOSS, deceased,

    Plaintiff,

v.                                                   Case No. 5:10-cv-104-Oc-10TBS

GEICO INDEMNITY COMPANY,

    Defendant.
_____

## ORDER

Before the Court is Plaintiff's Motion for a More Definite Statement as to GEICO's Second Affirmative Defense, filed on November 29, 2011. (Doc. 39.) Defendant GEICO Indemnity Company filed a response on December 16, 2011. (Doc. 40.) For the following reasons, plaintiff's motion is due to be GRANTED.

On November 17, 2011, defendant filed its "Answer and Affirmative Defenses to Plaintiff's Amended Complaint." (Doc. 37.) Defendant's second affirmative defense avers that:

> "As its Second Affirmative Defense, [defendant] states that the Plaintiff's claim is governed by § 624.155, Florida Statutes, and that [defendant] is entitled to all protections afforded to [defendant] by that statute."

Plaintiff asserts that defendant must plead its second affirmative defense with more specificity so that plaintiff will not be prejudiced in failing to properly frame a response and/or by failing to reasonably frame the issues in this lawsuit. Defendant asserts that its second affirmative defense contains the requisite specificity for plaintiff to prepare a response.

Federal Rule of Civil Procedure 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion . . . must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). A plaintiff may move for a more definite statement when an answer pleads an unintelligible defense. Exhibit Icons, LLC v. XP Cos., LLC, 609 F. Supp. 2d 1282, 1300 (2009).

Affirmative defenses are subject to the pleading requirements of Federal Rule of Civil Procedure 8(a), which generally requires only a short and plain statement of the defense asserted. See, e.g., Grovenor House, L.L.C. v. E.I. Du Pont De Nemours and Co., No. 09-21698-Civ, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010) (quoting Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287 (11th Cir. 1999). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). "An affirmative defense raises matters extraneous to the plaintiff's prima facie case; as such, they are derived from the common law plea of 'confession and avoidance.'" Id. (quoting Ford Motor Co. v. Transp. Indem. Co., 795 F.2d 538, 546 (6th Cir. 1986) (citation omitted)). To properly plead an affirmative defense, a defendant must give the plaintiff

"fair notice" of the nature of each defense and the grounds upon which it rests. Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D. Ala. 2010).

As an initial matter, the Court notes that plaintiff's motion would have been better brought as a motion to strike pursuant to Federal Rule of Civil Procedure 12(f) rather than a motion for a more definite statement. However, because plaintiff brought her motion as one for a more definite statement pursuant to Rule 12(e), the Court must rule on that issue. Florida Statute 624.155, cited in the defendant's second affirmative defense is Florida's "Civil Remedy" statute. The statute outlines actions which may expose an insurer to liability while articulating the proper procedure to initiate litigation under the statute. The defendant's second affirmative defense is impermissibly vague and is plead without the requisite specificity to provide plaintiff with fair notice of the defense and the grounds upon which it rests. Tellingly, in its response to the motion for more definite statement the defendant fails to explain what its second affirmative defense means. All that it says is that:

> The statute cited by [defendant's] second affirmative defense clearly and unambiguously provides insurers with numerous protections from civil liability. For example, §624.155(1) specifically limits the circumstances under which an insurer can be subject to suit and §624.155(3) requires that a civil remedy notice specifically identifying all alleged violations that may give rise to a subsequent cause of action be filed as a condition precedent to filing suit against an insurer. Moreover, §624.155(5) also limits the circumstances under which punitive damages are available in an action against an insurer, and §624.155(8) specifically defines recoverable damages in statutory bad faith actions.

(Def.'s Resp. at 4.)

While these are protections afforded to defendant by the statute the defendant does not say it has been denied any of them and, they are not "affirmative defenses" as defined by Federal Rule of Civil Procedure 8 and the applicable case law. Federal Rule

of Civil Procedure 8(c) lists several examples of affirmative defenses, including assumption of risk, duress, fraud, laches, res judicata, and statute of limitations.  Fed. R. Civ. P. 8(c).  The Court is unclear how the protections afforded to defendant by the statute, such as the types of damages recoverable against defendant, are affirmative defenses.  Assuming a violation of the statute the protections appear to "point[] out a defect in the plaintiff's prima facie case [and thus are] not [] affirmative defense[s]."  In re Rawson, 846 F.2d at 1349.  The Court therefore agrees with plaintiff that "[p]laintiff is unable to properly frame a response to this affirmative defense and is prejudiced by the inability to frame the issues in this case due to [defendant's] failure to clearly articulate its second affirmative defense." (Pl.'s Mot. at 3.)

Therefore, Plaintiff's Motion for a More Definite Statement as to GEICO's Second Affirmative Defense (Doc. 39) is GRANTED.  Defendant has fourteen (14) days from the rendition of this Order to provide a more definite statement as to its second affirmative defense and state how the protections afforded to it by the statute are affirmative defenses.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida on December 19, 2011.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all counsel