UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELEANOR C. MOSS, as Personal
Representative of the Estate of Roy L. Moss,
deceased,

    Plaintiff,

v.                                                        Case No. 5:10-cv-104-Oc-10TBS

GEICO INDEMNITY COMPANY,

    Defendant.
_____

## ORDER

Plaintiff filed this bad faith claim against the defendant, insurer following an excess verdict in a state court under-insured motorist action. (Doc. 2). The case was removed to this Court based upon diversity jurisdiction. (Doc. 1). During discovery, Plaintiff asked Defendant to produce:

> 5. Any and all personnel and/or training files, by whatever name, in whatever form kept, for Mary Ellen Murphy, Claims Manager and for each and every adjuster/claim representative/claim examiner, including, but not limited to Sallie Currie, who handled any aspect of the claim which gave rise to this action.

(Doc. 43-1 at 2).

Defendant responded as follows:

> GEICO'S RESPONSE: Objection. Plaintiff's request number five (5) is vague, ambiguous, and overly broad, as Plaintiff does not specify the particular individuals whose personnel and/or training files she seeks. Request number five (5) also seeks materials that are not relevant to the issue presented in the instant bad faith litigation–whether GEICO handled Plaintiff's claim for UM benefits in good faith.

> In addition, GEICO objects to this request because the information sought is confidential, sensitive, and not subject to discovery. Further, Plaintiff must demonstrate that the personnel file [sic] sought is relevant to the pending litigation and that disclosure of same will not result in an undue invasion of the privacy of GEICO's employees.

(Doc 43-2 at 2).

Defendant did not ask for a protective order and although it asserted that some of the requested information is confidential or otherwise sensitive it did not request the entry of a confidentiality order or offer to redact the requested documents. Now pending before the Court are Plaintiff's Motion to Strike GEICO's Objections to Plaintiff's Request for Production #5, to Compel an Answer Thereto, and/or in the Alternative for an In-Camera Inspection (Doc. 43), and GEICO's Response to Plaintiff's Motion to Strike GEICO's Objections to Plaintiff's Request for Production #5, to Compel an Answer Thereto, and/or in the Alternative for an In-Camera Inspection (Doc. 48).

The scope of discovery is broad "in order to provide parties with information essential to the proper litigation of all relevant facts, to eliminate surprise and to promote settlement." Coker v. Duke & Co., Inc., 177 F.R.D. 682, 685 (M.D. Ala. 1998). The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. "Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be

in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th Cir. 1984) (If Court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

Federal Rule of Civil Procedure 34(a) authorizes parties to serve upon each other, document requests which relate to any matter that may be inquired into under Rule 26(b). A party who objects to a request for production must include the reasons for the objection. FED. R. CIV. P. 34(b)(2)(B). Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550,1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). Objections to discovery on the grounds that it is over broad and not relevant are not sufficient, the objecting party should state why the discovery is overly broad or not relevant. Josephs v. Harris Corporation, 677 F.2d 985, 992 (3d Cir. 1982).

Rule 34(b)(1)(A) states that a request for production "must describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). Defendant contends that Plaintiff's request falls short of the Rule's requirements and is vague, ambiguous and overly broad because Plaintiff failed to specify whose files she is requesting. (Doc. 48 at 3, 12-17). This Court understands

Rule 34(b)(1)(A) to mean the requesting party must describe the information it is seeking in such a way that the responding party can understand what is being requested. A request is vague and ambiguous if it is reasonably susceptible to multiple interpretations. A request for production is overly broad when it asks for documents that are not relevant to the action. The handbook titled Middle District Discovery (2001) ("Discovery Handbook:)[1] provides guidance in interpreting requests for production. While lacking the import of a rule or order, it is an attempt to organize and explain generally accepted discovery practices in the Middle District. The handbook provides that "[a]n attorney receiving a request for documents or a subpoena duces tecum shall reasonably and naturally interpret it, recognizing that the attorney serving it generally does not have specific knowledge of the documents sought[.]" Discovery Handbook at 10.

Here, Defendant claims it can only guess at whose files Plaintiff is requesting and says request five can be read to include the files for every one of its employees associated with this claim, including the person who logs in the mail. (Doc. 48 at 13). The Court disagrees and for the following reasons, Defendant's objections that the subject request is vague, ambiguous and over broad are due to be OVERRULED. Plaintiff's fifth request is limited to the two named individuals and any other adjuster, claim representative or claim examiner who worked on Plaintiff's claim. (Doc. 43-1 at 2). It is apparent that in making this request Plaintiff seeks the files for employees who have the duties generally associated with a claims adjuster, representative or

---

[1] The Middle District Discovery (2001) handbook can be found on the Court's main website, http://www.flmd.uscourts.gov, under the "Forms & Publications" tab.

examiner and that Plaintiff may not be familiar with the terminology Defendant uses to identify these people. If Defendant had any doubt about whose files Plaintiff was requesting, or if there are individuals who fall within the scope of Plaintiff's request but whose involvement in this matter is so limited that their participation is not material then those issues should have been resolved during the conference counsel were required to engage in before the motion to compel was filed. See M.D. FLA. R. 3.01(g). Either party's unwillingness to confer in good faith would warrant Court action. Even if this request had been vague or ambiguous these would not have been valid objections with respect to the two employees named in the request. See Huggins v. Federal Express Corp., 250 F.R.D. 404, 405 (E.D. Mo. 2008) (If a request is vague and ambiguous, a responding party should still produce those documents it knows are being requested.).

In its memorandum in opposition to the motion to compel Defendant argues, for the first time, that the request to produce is also over broad because it is not limited to a reasonable time frame. (Doc. 48 at 3). The time to make this argument was when the objection was made, not after the motion to compel was filed. FED. R. CIV. P. 34(b)(2)(B). The defendant does not allege any special, compelling circumstances to explain why it failed to include its complaint about the time frame in its objection and consequently, this objection was waived. See Discovery Handbook at 11.

Plaintiff has requested personnel and training files which Defendant says it should not be required to produce because they contain confidential, sensitive information, and because Plaintiff has failed to demonstrate that they are relevant to

this controversy. Plaintiff's request for personnel files raises concerns about the privacy rights of the non-party employees whose information it seeks to discover. Defendant acknowledges that it is unaware of any Florida appellate court which has discussed whether personnel files are discoverable in bad faith litigation and it says, correctly, that the federal cases which have spoken to this issue have reached differing results depending upon their facts. (Doc. 48 at 8) (citing <u>Fullbright v. State Farm Mutual Automobile Ins. Co.</u>, No. CIV-09-297-D, 2010 WL 300436 at *3 (W.D. Okla. Jan. 20, 2010).

Defendant's specific objection is that the files plaintiff is asking for hold confidential, sensitive information that is not subject to discovery. (Doc. 43-2 at 4). The Court is unaware of any statute, rule or case authority for the proposition that documents are not discoverable simply because they contain confidential or sensitive information. Defendant failed, in its objection, to explain why the information sought is confidential or sensitive. Upon reading the objection the Court thought the defendant was motivated by concerns that its personnel files contain information concerning its employees compensation, health and disciplinary matters. While this is one of Defendant's concerns, the Court has learned from the memorandum in opposition to the motion to compel that Defendant objects because its personnel and human resources files contain confidential business information and trade secrets which it believes are protected from disclosure by § 90.506 of the <u>Florida Statutes</u>. (Doc. 48 at 11). In its memorandum, Defendant states that the files in question contain "information regarding the internal controls, training, finances, and general business

operations of GEICO at the local and national level." (Id.) It also says, "disclosure of [this information] would harm GEICO's standing in the competitive insurance market." (Id.). This claim of trade secrets is new, comes too late, and was waived because it was not included in Defendant's objections. Panola Land Buyers Assoc., 762 F.2d at 1559. The Court also notes that despite the alleged importance of this information Defendant failed to seek a protective order and failed to support its argument with affidavits or other evidence. Assuming for the sake of argument that what Defendant says is true, it is "well settled that there is no absolute privilege for trade secrets[.]" 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure. § 2043 (3d ed.);see also I.S.E.L., Inc. v. American Synthol, Inc., No. 3:08-cv-870-J-25TEM, 2009 WL 3367237 at *2 (M.D. Fla. Oct. 15, 2009) ("[T]here is no absolute privilege that immunizes trade secrets and similar confidential information from discovery."). For these reasons, Defendant's objections based upon the confidential, sensitive nature of the requested information are due to be OVERRULED.

The general rule is that the party objecting to a request for production has the burden to show specifically why the request is improper and not relevant. Adelman v. Boy Scouts of America, 276 F.R.D. 681, 689 (S.D. Fla. 2011). In this case, Defendant contends that the burden is on Plaintiff to show why Defendant's personnel files are relevant. (Doc. 48 at 7). As authority for this proposition, Defendant includes the following language from Dean v. Anderson, No. 01-2599-JAR, 2002 WL 1377729 at *2 (D. Kan. June 6, 2002), "the burden is on the party seeking discovery to show the relevancy of the discovery request." (Doc. 48 at 7) (emphasis in original.)

Unfortunately, this quote is taken out of context. What the Dean court actually said is:

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. However, when relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request.

Dean, 2002 WL 1377729 at *2 (citations omittited).

Defendant does not argue that the relevancy of its employee personnel files is not apparent. The Court does not know what is in those files but drawing on its own experience, assumes they contain information concerning each employee's training, competence, abilities, shortcomings, accolades and disciplinary history, if any, all of which is relevant. See generally Simon Turner v. GEICO Indemnity Co., No. 1:11-20546-civ-Martinez/McAliley (S.D. Fla. Sept. 8, 2011) (order granting motion to compel documents relating to job performance). The Court also assumes the files contain information regarding the employees' compensation, health, benefits, pensions and the like, the relevancy of which is not apparent to the Court.

On this record, the Court finds that Defendant had the burden to show why the information in its personnel files concerning its employee's training, competence, abilities, shortcomings, accolades and disciplinary history is not relevant. The Court also finds that Defendant has not met its burden and therefore, with regard to these matters, its objection is OVERRULED. The Court finds that Plaintiff had the burden to demonstrate the relevancy of all other information in the personnel files and it has not

met its burden.  Therefore, as to these matters, Defendant's objection is SUSTAINED.

Next, the Court must consider the non-party employees interest in protecting their own privacy.  Under Florida law, Defendant does not have standing to object on the basis of its employees' privacy rights.  See Alterra Healthcare Corp. v. Estate of Shelley, 827 So. 2d 936, 940 (Fla. 2002).  While Florida recognizes an individual's right of privacy in article I, section 23 of the Florida Constitution, the right is personal to the individual.  Id. at 941.  The employees whose privacy interests are implicated in this case have not objected to the disclosure of their personnel files.  "This does not necessarily mean, however, that such important nonparty rights should not be considered, or that the right to privacy and the right to know should not be weighed, during the discovery process."  Id. at 944.

Federal courts recognize that personnel files contain private information and that they should exercise caution in permitting the discovery of information which may embarrass non-party employees.  This is particularly true when the information can be obtained from other, less intrusive sources.  Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169,184 (E.D. Pa. 2004) ("Federal courts have recognized a 'heightened standard of relevance' for discovery of information contained in personnel files."); Coker, 177 F.R.D. at 685 (Personnel files are only discoverable when the information sought is clearly relevant and cannot be obtained from other sources.); see also Fullbright, 2010 WL 300436 at *2 (While not categorically out of bounds, personnel files are private and caution must be exercised in determining whether they should be disclosed.).

Defendant argues that if this Court determines its personnel files contain relevant information then the Court should also find that the discoverable information is limited and can be obtained through less intrusive means than production of the files. (Doc. 48 at 17-18). While there is legal support for the defendant's position, it has not identified satisfactory, less private, alternate sources for the information. While the employees and their supervisors can be deposed concerning these matters the files may be the most reliable source for some of the information, they may be helpful to refresh the witnesses memories and they might be used for impeachment.

While the Court has found that information in the personnel files concerning the employee's training, competence, abilities, shortcomings, accolades and disciplinary history is relevant, it also concludes that it is appropriate to implement safeguards to address the legitimate concerns raised by the defendant and the privacy rights of the non-party employees.

This paragraph only applies to the employee personnel files. First, Plaintiff may only have discovery from the files for Mary Ellen Murphy, Sallie Currie and those claims adjusters, representatives and examiners who had more than minimal involvement with this claim. If the parties are unable to resolve the meaning of "minimal," then upon motion, the Court will do it for them and the loser should reasonably expect to be ordered to pay expenses. Second, Plaintiff shall only be permitted to discover information from the personnel files concerning the employees' training, competence, abilities, shortcomings, accolades and disciplinary history. Third, this information shall only be permitted for the time period from January 1, 2004

through December 31, 2011. Fourth, the information may only be used in the litigation of this case and for no other purpose. Fifth, the information shall not be shared with anyone who does not have a legitimate need to know the information on account of their involvement in this case.

The Court also concludes that it is appropriate to enact certain safeguards with respect to the training files. This paragraph only applies to Defendant's training files. First, this information shall only be permitted for the time period from January 1, 2004 through December 31, 2011. Second, the information may only be used in the litigation of this case and for no other purpose. Third, the information shall not be shared with anyone who does not have a legitimate need to know the information on account of their involvement in this case.

These restrictions on Plaintiff's right to obtain and use the information in Defendant's personnel and training files do not restrict, in any way, Plaintiff's right to make inquiry about personnel or training matters in any other manner or from any other source. Any objections made by Defendant that have not already been disposed of are OVERRULED. Defendant shall make its production within ten days from the rendition of this Order.

Although the parties did not make specific requests for the award of their expenses, Federal Rule of Civil Procedure 37(a)(5) requires the Court to award expenses in connection with this motion unless it finds that one of the exceptions in the Rule applies. Now, the Court finds that concerns about the privacy interests of the non-party employees constitute "other circumstances mak[ing] an award of expenses

unjust." FED. R. CIV. P. 37(a)(5)(iii).

       IT IS SO ORDERED.

       DONE AND ORDERED in Ocala, Florida, on March 2, 2012.

                                          THOMAS B. SMITH
                                          United States Magistrate Judge

Copies to all Counsel