UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELEANOR C. MOSS, as Personal
Representative of the Estate of Roy L. Moss,
deceased,

    Plaintiff,

v.                                              Case No.  5:10-cv-104-Oc-10TBS

GEICO INDEMNITY COMPANY,

    Defendant.

## ORDER

Pending before the Court are Plaintiff's Motion to Strike and/or in the Alternative, Motion for More Definite Statement as to GEICO's Amended Second Affirmative Defense (Doc. 45) and GEICO's Response to Plaintiff's Motion to Strike and/or in the Alternative, Motion for More Definite Statement as to GEICO's Second Affirmative Defense (Doc. 51).  For the following reasons, Plaintiff's motion is due to be GRANTED.

Plaintiff filed this bad faith claim against insurer, GEICO Indemnity Company ("GEICO"), following an excess verdict in a state court under-insured motorist action. (Doc. 2).  The case was removed to this Court based upon diversity jurisdiction.  (Doc. 1).  GEICO's Answer and Affirmative Defenses to Plaintiff's Amended Complaint (Doc. 37), included the following defense:

> As its Second Affirmative Defense, GEICO states that the Plaintiff's claim is governed by § 624.155, Florida Statutes, and that GEICO is entitled to all protections afforded to GEICO by that statute.

On motion of Plaintiff (Doc. 39), this Court ordered GEICO to provide a more

definite statement of this affirmative defense (Doc. 41). GEICO has restated its Second Affirmative Defense which now says:

> As its Second Affirmative Defense, GEICO states that the Plaintiff's claim is governed by § 624.155, Florida Statutes, and that GEICO is entitled to the following protections afforded to GEICO by that statute:
>
> a. To the extent that Plaintiff's Civil Remedy Notice failed to comply with the requirements of Florida Statute § 624.155, Plaintiff failed to fulfill a condition precedent to the present action.
>
> b. To the extent that the allegations set forth in Plaintiff's Amended Complaint are broader than the allegations set forth in Plaintiff's Civil Remedy Notice, Plaintiff fails to fulfill a condition precedent to the present action.
>
> c. The provisions of Florida Statute § 624.155 regarding punitive damages apply to the present action. There is no basis for punitive damages to be sought or awarded.
>
> d. To the extent that Plaintiff's allegations do not constitute bad faith as defined by Florida Statute § 624.155 and Florida law, Plaintiff's Amended Complaint fails to state a cause of action.
>
> e. To the extent that Plaintiff alleges damages in her Amended Complaint that are not allowed by Florida Statute § 624.155, Plaintiff's Amended Complaint fails to state a cause of action.

Plaintiff's current motion asks the Court to strike GEICO's Second Affirmative Defense or in the alternative, require GEICO to provide a further, more definite statement of this defense.

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303

(11th Cir. 1999). "In determining whether a particular argument is an affirmative defense, courts consider 'the logical relationship between the defense and the cause of action,' and the likelihood that the plaintiff will be unfairly surprised if the defense does not appear in the pleadings." Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)(quoting Ingraham v. United States, 808 F.2d 1075, 1079 (5th Cir. 1987)).

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In practice, "a motion to strike will usually be denied, unless, the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Bartram, LLC v. Landmark American Ins. Co., 2010 WL 4736830 at * 1 (N.D. Fla.). "An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)(quoting Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F.Supp. 992, 1000 (M.D. Fla. 1976)). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id. "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla. 1995) citing Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962).

Although the issue has yet to be decided by the Eleventh Circuit Court of Appeal, Plaintiff contends that the pleading standard established in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) should apply to affirmative defenses. GEICO disagrees. The Court finds it can decide Plaintiff's motion without reaching this issue.

The first deficiency in GEICO's second affirmative defense is its statement that § 624.155 Florida Statutes governs Plaintiff's claim and that GEICO enjoys the protections afforded by the statute. This is a legal argument; not an affirmative defense. Next, GEICO's second affirmative defense is devoid of any factual allegations to support its legal conclusions. As pled, GEICO's second affirmative defense fails to give Plaintiff notice of the grounds of the defense and is likely to lead to surprise and undue prejudice. Third, each subpart of GEICO's second affirmative defense begins with the words "[t]o the extent." Absent specifics, which GEICO has not supplied, it is impossible to know whether any part of the second affirmative defense applies in this case. Fourth, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). GEICO fails to plead subparagraphs "a" and "b" with the necessary particularity. Finally, subparagraphs "c" and "e" of GEICO's second affirmative defense are statements of law; not affirmative defenses.

Therefore, it is now

ORDERED:

1. Plaintiff's Motion to Strike and/or in the Alternative, Motion for More Definite Statement as to GEICO's Amended Second Affirmative Defense (Doc. 45) is GRANTED and GEICO's second affirmative defense is STRICKEN.

2. GEICO has ten days from the rendition of this Order within to further amend its second affirmative defense if, consistent with counsels' obligations under Rule 11 Fed. R. Civ. P., GEICO can allege specific failures by Plaintiff to comply with § 624.155 <u>Florida Statutes</u>, which put at issue relevant legal and factual matters.

DONE AND ORDERED in Ocala, Florida on March 15, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel