UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ELEANOR C. MOSS, as Personal
Representative of the Estate of Roy L. Moss,
deceased,

      Plaintiff,

v.                                  Case No.  5:10-cv-104-Oc-10TBS

GEICO INDEMNITY COMPANY,

      Defendant.

_____

## ORDER

      Pending before the Court is Plaintiff's Motion to Compel Production. (Doc. 49).

Upon due consideration of the relevant filings (including Defendant's response (Doc.

57) and Plaintiff's supplemental brief (Doc. 66)), the Court GRANTS the motion in part

and DENIES the motion in part.

## I. Background

      On February 11, 2010, Plaintiff Eleanor C. Moss, the personal representative of

the estate of Roy L. Moss, filed a bad faith claim against insurer, GEICO Indemnity

Company ("GEICO"), after an excess verdict in a state court under-insured motorist

action. (Doc. 2).   The case was removed to federal court on March 15, 2010 based on

diversity jurisdiction.  (Doc. 1).  Plaintiff made several discovery requests, and although

GEICO produced some documents, it withheld others on the basis of attorney-client

privilege and work product protection.  On February 24, 2012, Plaintiff moved to compel

the withheld documents listed in GEICO's original privilege log.  (Doc. 49).  On March

23, 2012, the undersigned directed GEICO to submit the withheld documents to the

Court for in camera review.  (Doc. 60).  Defendant complied with the Court's order and

submitted the documents along with a new, more expansive privilege log.  (Doc. 61-1).

Because of this, the undersigned granted Plaintiff leave to file a reply brief.  (Doc. 65).

The Court has concluded its independent examination of the documents and the

memoranda of the party and finds that the motion to compel production (Doc. 49) is now

ripe for adjudication.

## II.   Discussion

The Federal Rules of Civil Procedure "strongly favor full discovery whenever

possible."  Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir.

1985).  Parties may obtain discovery of "any nonprivileged matter that is relevant to any

party's claim or defense . . ."  FED. R. CIV. P. 26(b)(1).  It is not necessary that the

material be admissible at trial "if the discovery appears reasonably calculated to lead to

the discovery of admissible evidence."  Id.  When a party withholds otherwise

discoverable matter on the basis that it is protected by attorney-client privilege or the

work product doctrine, that party must (1) clearly assert the claim, and (2) describe the

withheld item(s) with enough detail that "will enable other parties to assess the claim."

FED. R. CIV. P. 26(b)(5(A).

In this case, Plaintiff asked GEICO to produce "[its] entire files, cover to cover,

both electronic and hard copy, regarding the underlying claim and lawsuit up to the date

of the underlying judgment." (Doc. 49-3 ¶ 1).  Plaintiff maintains that "all materials in an

insurer's claims file that were created prior to the resolution of the underlying

contractual action are discoverable over the insurer's work product objections."  (Doc.

49 ¶ 11) (citing Allstate Indemnity Co. v. Ruiz, 899 So. 2d 1121 (Fla. 2005)).  In

response to this request for production, GEICO produced some pertinent documents,

but withheld others for two reasons.  (Doc. 49 ¶¶ 7, 9); see also (Doc.  49-4 at 1-2).

First, the insurer maintains that the withheld documents constitute work product that was created in anticipation of the pending bad faith action, which is beyond the scope of Ruiz, in which the court only required the production of pre-judgment material that pertained to "coverage, benefits, liability or damages" of the underlying claim. (Doc. 57 at 4). Second, GEICO argues that to the extent Ruiz applies, Plaintiff's motion to compel "should be denied because the documents at issue are protected by the attorney-client privilege." (Id. at 5) (citing Genovese v. Provident Life & Accident Ins. Co., 74 So. 3d 1064 (Fla. 2011)).

A. Work Product Protection

The court's work product inquiry is two-fold. First, the court must determine whether the disputed material constitutes "work product." Under the federal rules, work product is described as material (i.e. a document or tangible item) that is prepared in anticipation of litigation "by or for another party or its representative (including the other party's attorney . . .)." FED. R. CIV. P. 26(b)(3)(A). Second, the court must decide whether any circumstances exist to compel the discovery of the work product. Ordinarily, work product is not discoverable unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means," or that some other principle applies to compel its production. Id.

In Ruiz, the Florida Supreme Court determined that work product is discoverable in bad-faith actions brought pursuant to FLA. STAT. 624.155. Specifically, the court ruled that,

> [A]ll materials, including documents, memoranda, and letters, contained in the underlying claim and related litigation file material that was created up to and including the date of resolution of the underlying disputed matter and

> pertain in any way to coverage, benefits, liability, or damages, should also be produced in a first-party bad faith action.

899 So. 2d 1121, 1129-1130.  The court further held that any such documents created after the resolution of the underlying insurance action and after the initiation of the bad faith action "may be subject to production upon a showing of good cause or pursuant to an order of the court following an in-camera inspection."  Id. at 1130.  In expressing its rationale, the court explained that

> [B]ad faith actions do not exist in a vacuum.  A necessary prerequisite for any bad faith action is an underlying claim for coverage or benefits or an action for damages which the insured alleges was handled in bad faith by the insurer.

Id. at 1124.  Here, it is undisputed that the underlying under-insured motorist action was resolved on February 11, 2010 ("date of judgment").  See (Doc. 49 ¶¶ 4, 10; Doc. 49-2 at 1-4; Doc. 57 at 3, 16).

GEICO has asserted work product (along with attorney-client privilege) as the basis for its objection to the production of the documents that pre-date the date of judgment.  (Doc. 61-1).   Since both protections are implicated, the Court will evaluate GEICO's objections to these documents according to the attorney-client framework, as discussed in section II.B, infra.[1]

Likewise, GEICO has asserted work product as the primary basis for its objection to the disclosure of documents that post-date the judgment.[2]   (Id.). Regarding these

---

[1]See Genovese, 74 So. 3d at 1068 ("[T]he materials requested by the opposing party may implicate both the work product doctrine and the attorney-client privilege.  Where a claim of privilege is asserted, the trial court should conduct an in-camera inspection to determine whether the sought-after materials are truly protected by the attorney-client privilege.").

[2]GEICO conceded that under Ruiz, its assertion of work product protection over certain documents was not warranted.  (Doc. 57 at 7).  As a result, it withdrew its assertion of work product

(continued...)

eleven (11) documents, the Court finds as follows:

| BATES NO. | DATE | BASIS FOR OBJECTION | COURT'S RULING |
|---|---|---|---|
| GLC 0029-0032 | 6/14/10 | Post Judgement / Work Product | The objection is overruled. The documents do not constitute work product and must be produced. |
| GLC 0033 | 6/11/10 | Work Product/Post Judgment | The objection is overruled. The document is not work product and must be produced. |
| GLC 0038 | 6/14/10 | Post Judgment / Work Product | The objection is overruled. The document is not work product and must be produced. |
| GLC 0559 | 4/12/10 | Post Judgment / Work Product | The objection is overruled. The document is not work product and must be produced. |
| GLC 0586-0592 | 5/5/10 | Post Judgment / Work Product | The objection is overruled. The documents do not constitute work product and must be produced. |
| GLC 0598-0599 | 6/25/10; 6/28/10 | Post Judgment / Work Product | The objection is overruled. The documents do not constitute work product and must be produced. |
| GLC 0600-0603 | 7/7/10; 7/9/10 | Post Judgment / Work Product | The objection is overruled. The documents do not constitute work product and must be produced. |
| GLC 0604-0611 | 7/12/10 | Post Judgment / Work Product | The objection is overruled. The documents do not constitute work product and must be produced. |
| GLC 0626 | 6/15/10 | Post Judgment / Work Product | The objection is overruled. The document is not work product and must be produced. |
| GLC 0627 | 1/16/11 | Post Judgment / Work Product | The objection is overruled. The document is not work product and must be produced. |
| GLC 0751 | 2/11/10 - 2/17/10 | Post Judgment/Work Product | The objection is sustained.  The document is protected as work product. |

B. Attorney-Client Privilege

In diversity cases, the application of the attorney-client privilege is governed by

state law.  See Allstate Ins. Co. v. Levesque, 263 F.R.D. 663, 666 (M.D. Fla. 2010)

---

(...continued)
protection over thirty-six (36) documents listed in the privilege log.  (Doc. 57 at 8).  GEICO maintains that these documents "are protected by the attorney-client privilege and are not discoverable."  (Id. at 8).

(citing 1550 Brickell Assocs. v. Q.B.E. Ins. Co., 253 F.R.D. 697, 699 (S.D. Fla. 2008)).

Pursuant to Florida Statutes § 90.502, the attorney-client privilege is invoked when a

client consults a lawyer for the purpose of "obtaining legal services" or confers with a

lawyer who is currently rendering legal services.  Unique problems arise in the context

of corporate claims of attorney-client privilege and the Florida Supreme Court requires a

corporation to demonstrate the following to assert the privilege:

> (1) the communication would not have been made but for
> the contemplation of legal services; (2) the employee making
> the communication did so at the direction of his or her
> corporate superior; (3) the superior made the request of the
> employee as part of the corporation's effort to secure legal
> advice or services; (4) the content of the communication
> relates to the legal services being rendered, and the subject
> matter of the communication is within the scope of the
> employee's duties; [and] (5) the communication is not
> disseminated beyond those persons who, because of the
> corporate structure, need to know its contents.

1550 Brickell Associates, 253 F.R.D. at 699 (citing Southern Bell Tel. & Tel. Co. v.

Deason, 632 So. 2d 1377, 1383 (Fla. 1994)).   The Florida Supreme Court has clearly

stated that its holding in Ruiz "does not apply to attorney-client privileged

communications in first-party bad faith actions."  Genovese, 74 So. 3d at 1067.

Accordingly, "attorney-client privileged communications are not discoverable in a first

party [bad faith] action."  Id. at 1066.

Upon consideration of the foregoing, the Court rules as follows with regards to

GEICO's attorney-client based objections:

| BATES NO. | DATE | BASIS FOR OBJECTION | COURT'S RULING |
|---|---|---|---|
| GLC 0002-0003 | 7/18/08 | Attorney Client | The objection is overruled. The documents do not constitute attorney-client communication and must be produced. |

| | | | |
|---|---|---|---|
| GLC 0004-0007 | 9/21/10-9/23/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The documents are protected by attorney-client privilege. |
| GLC 0007a | 9/21/10-9/22/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The document is protected by attorney-client privilege. |
| GLC 0008-0010 | 7/1/10-7/2/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The documents are protected by attorney-client privilege. |
| GLC 0011-0012 | 6/8/10 | Does not pertain to this case | The Court agrees that these documents do not pertain to this case. Accordingly, they are stricken from the privilege log. |
| GLC 0013-0014 | 7/2/10-7/6/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The documents are protected by attorney-client privilege. |
| GLC 0015-0021 | 7/1/10-7/2/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The documents are protected by attorney-client privilege. |
| GLC 0022 | 6/25/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The document is protected by attorney-client privilege. |
| GLC 0023-0027 | 6/23/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The documents are protected by attorney-client privilege. |
| GLC 0028 | 6/9/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The document is protected by attorney-client privilege. |
| GLC 0034-0037 | 6/11/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained in part and overruled in part. The objection is sustained as to documents at Bates Nos. GLC 0034-0035. The documents are protected by attorney-client privilege. The objection is overruled as to documents at Bates Nos. GLC 0036-0037. The documents do not constitute attorney-client communication and must be produced. |
| GLC 0039-0041 | 6/11/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained. The documents are protected by attorney-client privilege. |

| GLC 0042-0044 | 6/4/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained in part and overruled in part.<br><br>The objection is sustained as to the document at Bates No. GLC 0042.  The document is protected by attorney-client privilege.<br><br>The objection is overruled as to documents at Bates Nos. GLC 0043-0044.  The documents do not constitute attorney-client communication and must be produced. |
| --- | --- | --- | --- |
| GLC 0045-0047 | 6/4/10; 2/17/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0048-0050 | 6/3/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0051-0052a | 1/14/10-2/1/10 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0053-0060 | 3/17/10-3/21/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0061-0069 | 3/23/10-3/24/10 | Attorney Client/Work Product/Post Judgment/Irrelevant/Not responsive to Plaintiff's Request for Production | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0070 | 2/11/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0071 | 2/15/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0072-0075 | 1/19/10-1/21/10 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0076 | 2/1/10 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0077 | 12/30/09 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0081 | 12/30/09 | Attorney Client | The objection is overruled. The document does not constitute attorney-client communication and must be produced. |
| GLC 0083 | 12/30/09 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |

| GLC 0084-0090 | 12/30/09 | Attorney Client | The objection is sustained in part and overruled in part.<br><br>The objection is sustained as to the document at Bates No. GLC 0086.  The document is protected by attorney-client privilege.<br><br>The objection is overruled as to documents at Bates Nos. GLC 0084-0085 and GLC 0087-0090.  The documents do not constitute attorney-client communication and must be produced. |
| --- | --- | --- | --- |
| GLC 0091-0093 | 12/18/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0105-0106 | 12/15/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0108 | 12/14/09 | Attorney Client | The objection is overruled. The document does not constitute attorney-client communication and must be produced. |
| GLC 0110-0133 | 12/14/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0135-0137 | 12/12/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0139 | 12/11/09 | Attorney Client | The objection is overruled. The document does not constitute attorney-client communication and must be produced. |
| GLC 0142-0144 | 12/11/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0157-0158 | 12/11/09 | Attorney Client | The objection is overruled. The document does not constitute attorney-client communication and must be produced. |
| GLC 0159-0160 | 12/11/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0161-0162 | 12/11/09 | Attorney Client | The objection is overruled. The documents do not constitute attorney-client communication and must be produced. |
| GLC 0165 | 12/10/09 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |

| GLC 0175-0177 | 12/10/09 | Attorney Client | The objection is sustained in part and overruled in part.<br><br>The objection is sustained as to the documents at Bates No. GLC 0176-0177.  The documents are protected by attorney-client privilege.<br><br>The objection is overruled as to the document at Bates No. GLC 0175. The document does not constitute attorney-client communication and must be produced. |
|---|---|---|---|
| GLC 0180-0185 | 12/10/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0189-0192 | 12/10/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0194-0197 | 12/10/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0198-0201 | 12/9/09-12/10/09 | Attorney Client/Work Product/ Irrelevant/Not responsive to Plaintiff's Request for Production | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0202 | 12/09/09 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0227-0228 | 1/9/09 | Attorney Client | The objection is overruled. The documents do not constitute attorney-client communication and must be produced |
| GLC 0269-0270 | 9/5/08 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0271 | 9/5/08 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0272-0273 | 9/5/08 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0282-0283 | 8/11/08 | Attorney Client | The objection is overruled. The documents do not constitute attorney-client communication and must be produced. |
| GLC 0285-0286 | 8/8/08 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0330-0331 | 11/3/09 | Attorney Client | The objection is overruled. The documents do not constitute attorney-client communication and must be produced. |

| GLC 0332-0333 | 3/11/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0366-0368 | 1/6/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0369 | 12/30/08 | Attorney Client | The objection is sustained in part and overruled in part.  The document shall be produced, however, GEICO is directed to redact the "Comments" section at the bottom of the page. |
| GLC 0374 | 12/30/08 | Attorney Client | The objection is sustained in part and overruled in part.  The document shall be produced, however, GEICO is directed to redact the "Comments" section at the bottom of the page. |
| GLC 0376-0382 | 2/26/10-3/5/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0564-0566 | 1/9/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0567-0568 | 3/2/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0569 | 7/14/09 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0578-0579 | 8/4/09 | Attorney Client | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0580 | 12/9/09 | Attorney Client | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0581-0584 | 1/20/10; 1/19/10; 1/14/10; 2/17/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0593-0595 | 5/10/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained in part and overruled in part.<br><br>The objection is sustained as to the document at Bates No. GLC 0593.  The document is protected by attorney-client privilege.<br><br>The objection is overruled as to the documents at Bates Nos. GLC 0594-0595. The documents do not constitute attorney-client communication and must be produced. |

| GLC 0596-0597 | 5/10/10 | Attorney Client/Work Product/Post Judgment | The objection is sustained in part and overruled in part.<br><br>The objection is sustained as to the document at Bates No. GLC 0596.  The document is protected by attorney-client privilege.<br><br>The objection is overruled as to the document at Bates No. GLC 0597. The document does not constitute attorney-client communication and must be produced. |
| GLC 0612 | 2/4/11 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The document is protected by attorney-client privilege. |
| GLC 0613-0614 | 4/13/11 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0615-0616 | 8/26/11 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0617-0619 | 10/18/11 | Attorney Client/Work Product/Post Judgment | The objection is sustained.  The documents are protected by attorney-client privilege. |
| GLC 0683-0716 | | Confidential Business Information/ Work Product/ Post Judgment / Attorney-client | The objection is overruled. The documents do not constitute attorney-client communication.  However, they do constitute discoverable work product and must be produced.  See Ruiz, 899 So. 2d 1129-1130 )(The court held that pre-judgment work product is discoverable in bad faith actions brought pursuant to FLA. STAT. 624.155. The court further held that any such documents created after the resolution of the underlying insurance action and after the initiation of the bad faith action "may be subject to production upon a showing of good cause or pursuant to an order of the court following an in-camera inspection."). |
| GLC 0720 | 7/17/08 2:51 pm | Attorney-client | The objections are sustained in part and overruled in part.  The documents at Bates Nos. GLC 0720-0749 shall be produced, except that GEICO is directed to redact any notes/messages between the claims adjuster and in-house counsel. |
| GLC 0721 | 8/8/08 11:23 am | Attorney-client | |
| GLC 0722 | 8/20/08 4:58 pm | Attorney-client | |
| GLC 0722 | 8/22/08 2:54 pm | Attorney-client | |
| GLC 0722 | 8/26/08 11:06 am | Attorney-client | |
| GLC 0723 | 9/4/08 9:32 am | Attorney-client | |

| | | | |
|---|---|---|---|
| GLC 0723 | 9/4/08<br>10:17 am | Attorney-client | |
| GLC 0724 | 9/5/08<br>1:18 pm | Attorney-client | |
| GLC 0724 | 9/8/08<br>2:32 pm | Attorney-client | |
| GLC 0724 | 9/9/08<br>3:04 pm | Attorney-client | |
| GLC 0725 | 9/10/08<br>2:23 pm | Attorney-client | |
| GLC 0726 | 10/16/08<br>1:34 pm | Attorney-client | |
| GLC 0726 | 11/5/08<br>10:22 am | Attorney-client | |
| GLC 0726 | 11/10/08<br>2:58 pm | Attorney-client | |
| GLC 0727 | 11/10/08<br>2:59 pm | Attorney-client | |
| GLC 0727 | 11/10/08<br>3:30 pm | Attorney-client | |
| GLC 0727 | 11/13/08<br>11:55 am | Attorney-client | |
| GLC 0727 | 11/14/08<br>2:27 pm | Attorney-client | |
| GLC 0728 | 12/30/08<br>11:39 am | Attorney-client | |
| GLC 0728 | 1/6/09<br>4:13 pm | Attorney-client | |
| GLC 0728 | 1/9/09<br>7:55 am | Attorney-client | |
| GLC 0729 | 1/12/09<br>11:06 am | Attorney-client | |
| GLC 0729 | 2/5/09<br>1:08 pm | Attorney-client | |
| GLC 0729 | 2/10/09<br>11:57 am | Attorney-client | |
| GLC 0730 | 2/25/09<br>9:12 am | Attorney-client | |
| GLC 0730 | 3/3/09<br>2:25 pm | Attorney-client | |
| GLC 0731 | 5/13/09<br>3:35 pm | Attorney-client | |
| GLC 0732 | 6/12/09<br>10:32 am | Attorney-client | |

13

| GLC 0732 | 6/12/09<br>1:17 pm | Attorney-client | |
| GLC 0733 | 6/23/09<br>10:58 am | Attorney-client | |
| GLC 0733 | 6/23/09<br>12:04 pm | Attorney-client | |
| GLC 0733 | 6/23/09<br>3:46 pm | Attorney-client | |
| GLC 0734 | 7/20/09<br>9:41 am | Attorney-client | |
| GLC 0735 | 8/4/09<br>2:50 pm | Attorney-client | |
| GLC 0735 | 8/14/09<br>7:43 am | Attorney-client | |
| GLC 0735 | 8/18/09<br>2:49 pm | Attorney-client | |
| GLC 0736 | 8/26/09<br>9:22 am | Attorney-client | |
| GLC 0736 | 9/15/09<br>8:36 am | Attorney-client | |
| GLC 0736 | 9/15/09<br>10:57 am | Attorney-client | |
| GLC 0736 | 9/21/09<br>11:23 am | Attorney-client | |
| GLC 0736 | 9/28/09<br>3:57 pm | Attorney-client | |
| GLC 0736 | 9/29/09<br>1:00 pm | Attorney-client | |
| GLC 0736 | 10/6/09<br>11:38 am | Attorney-client | |
| GLC 0737 | 10/6/09<br>12:49 pm | Attorney-client | |
| GLC 0737 | 10/6/09<br>12:59 pm | Attorney-client | |
| GLC 0737 | 10/6/09<br>3:16 pm | Attorney-client | |
| GLC 0737 | 10/19/09<br>1:29 pm | Attorney-client | |
| GLC 0737 | 10/20/09<br>10:11 am | Attorney-client | |
| GLC 0737 | 10/22/09<br>3:19 pm | Attorney-client | |
| GLC 0738 | 10/28/09<br>11:50 am | Attorney-client | |

| GLC 0739 | 11/6/09<br>10:18 am | Attorney-client | |
| GLC 0740 | 11/12/09<br>8:19 am | Attorney-client | |
| GLC 0740 | 11/12/09<br>10:08 am | Attorney-client | |
| GLC 0741 | 11/30/09<br>1:39 pm | Attorney-client | |
| GLC 0745 | 12/10/09<br>10:32 am | Attorney-client | |
| GLC 0745 | 12/10/09<br>10:43 am | Attorney-client | |
| GLC 0745 | 12/10/09<br>10:47 am | Attorney-client | |
| GLC 0745 | 12/10/09<br>10:48 am | Attorney-client | |
| GLC 0749 | 12/12/09<br>9:07 am | Attorney-client | |
| GLC 0749 | 12/14/09<br>1:34 pm | Attorney-client | |
| GLC 0749 | 12/15/09<br>12:58 pm | Attorney-client | |
| GLC 0752-0776 | 2-26-10 and after | Attorney Client/Post Judgment / Work Product | The objection is sustained in part and overruled in part.  The documents at Bates Nos. GLC 0752-0776 shall be produced, except that GEICO is directed to redact any notes/messages between the claims adjuster and in-house counsel. |

Concerning the documents contained in GEICO's Home Office Claims Legal File which it says are privileged:

| BATES NO. | DATE | BASIS FOR OBJECTION | COURT'S RULING |
|---|---|---|---|
| GHOC 0001-0162 | | Attorney Client/ Work Product/ Post Judgment | The objection is sustained in part and overruled in part.<br><br>The objection is overruled as to the follow documents:<br>• GHOC 0001-0003<br>• GHOC 0009-0012<br>• GHOC 0014-0084<br>• GHOC 0090-0091<br>• GHOC 0115<br>• GHOC 0116-0117<br>• GHOC 0118<br>• GHOC 0123-0125<br>• GHOC 0132-0135<br>• GHOC 0139-0162<br><br>These documents do not constitute attorney-client communication and must be produced.<br><br>The objection is sustained in part and overruled in part with regards to the documents at Bates Nos. GHOC 0092-0093 and GHOC 0126-0127.  These documents shall be produced, except that GEICO is directed to redact any notes/messages between the claims adjuster and Mr. Corry, GEICO's in-house counsel.<br><br>The objection is sustained in all other respects. |

III. Conclusion

Upon due consideration it is hereby ORDERED that :

1. Plaintiff's motion to compel production (Doc. 49) is GRANTED in part and DENIED in part, as described herein.

2. The documents at Bates No. GLC 0011-0012 are STRICKEN from the privilege log.  The Court agrees with GEICO that these documents do not pertain to this case.

3. In this instance, the Court finds that an award of attorneys fees or costs to

16

Plaintiff would be unjust.  <u>See</u> FED. R. CIV. P. 37(a)(5)(A)(iii).

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on May 9, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel