UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ELEANOR C. MOSS, as Personal**
**Representative of the Estate of Roy**
**L. Moss, deceased**

    **Plaintiff,**

v.                                                    Case No:5:10-CV-104-Oc-10PRL

**GEICO INDEMNITY COMPANY**

    **Defendant.**
_____/

# ORDER

Pending before the Court is Plaintiff's Motion to Compel Depositions of John Quagliato, Sallie Currie and Gary Gertz. (Doc. 70). Defendant has filed a response in opposition. (Doc. 72). For the reasons discussed below, Plaintiff's Motion is due to be **GRANTED**.

This action for statutory bad faith arises out of GEICO's handling of an uninsured motorist ("UM") benefits claim made by Plaintiff, Eleanor C. Moss, as Personal Representative of the Estate of Roy L. Moss, Deceased ('Moss wrongful death claim"). Issues central to Plaintiff's action are what monetary value was placed on the Moss wrongful death claim; who at GEICO placed a value; and who decided what settlement offers would be extended to settle the claim.

In its Rule 26 Initial Disclosures, GEICO identified five employees -- Sallie Currie, Mary Ellen Murphy, Sharon Seavy, Gary Gertz, and Lawrence Corry – as being "involved in the handling of the underlying claim." On May 9, 2012, Plaintiff's counsel deposed Sally Currie, a GEICO claims examiner and Gary Gertz, a Regional Claims

Manager. During her deposition, Ms. Currie testified that she did not assign a dollar value to the claim and that she had no opinion on whether the claim exceeded policy limits. Likewise, Mr. Gertz testified that he was not involved in evaluating the claim; placing a settlement value on the claim; or deciding what settlement offers GEICO would make on the claim.

On May 9, 2012, shortly after the depositions concluded, the Court issued its ruling on Plaintiff's Motion to Compel Production of Documents. (Doc. 67). The Court ordered GEICO to produce numerous documents that had been withheld on the basis of attorney/client or work product privilege, and were not available to Plaintiff at the time of Ms. Currie and Mr. Gertz's depositions. Plaintiff contends that two of those documents contradict the deposition testimony and show that both Ms. Currie and Mr. Gertz were involved in evaluating the monetary value of the Moss wrongful death claim.

After discovery closed on May 15, 2012, Plaintiff's counsel deposed Larry Corry, a GEICO Home Office Claims Attorney.[1] Mr. Corry confirmed that Ms. Currie and Mr. Gertz were involved in evaluating the monetary value of the claim. He also testified that John Quagliato, a GEICO Assistant Vice President of Claims, was the ultimate decision maker in deciding the amount of settlement offers that GEICO would make in settlement of the Moss wrongful death claim. Accordingly, Plaintiff seeks leave to reopen discovery to re-depose Ms. Currie and Mr. Gertz and to take the deposition of John Quagliato.

Because Ms. Currie and Mr. Gertz were previously deposed in this action and the parties have not stipulated to re-deposing them, Plaintiff "must obtain leave of court, and

---

[1] The Court granted Plaintiff's unopposed motion to depose Mr. Corry after the discovery deadline. (Doc. 69).

2

the court must grant leave to the extent consistent with Rule 26(b)(2)." See Fed.R.Civ.P. 30(a)(2). Pursuant to Rule 26(b)(2), discovery should be limited if the Court determines that the requested discovery is (1) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs the likely benefit. The Advisory Committee Notes to Rule 30(d) -- which limits depositions to "1 day of 7 hours" – provides that the party seeking a court order to extend a deposition must show good cause. See Advisory Committee Note to 2000 Amendment to Fed.R.Civ.P. 30(d). Further, in order to re-open discovery, Plaintiff must show good cause to modify the Court's Case Management and Scheduling Order. Fed.R.Civ.P. 16(b)(4).

Under the circumstances presented here, the Court finds that good cause exists to allow Plaintiff to re-depose Ms. Currie and Mr. Gertz and that doing so is consistent with the principles set forth in Rule 26(b)(2). As discussed above, Plaintiff's counsel did not have access to documents that appear to be inconsistent with the deposition testimony of both Ms. Currie and Mr. Gertz on issues central to this action – i.e., what monetary value was placed on the Moss wrongful death claim and by whom. Plaintiff's counsel should be afforded the opportunity to fairly examine the witnesses with the benefit of these documents.[2] However, Plaintiff's examination of these witnesses (i.e., Ms. Currie and Mr. Gertz) <u>shall be limited</u> to questions directly related to the documents

---

[2] Although the Court is granting Plaintiff's motion, the Court notes that it is not persuaded by Plaintiff's argument that she reserved the right to re-depose Ms. Currie and Mr. Gertz and that Defendant waived its objections.

3

produced by GEICO in response to the Court's recent Order (Doc. 67), along with their respective roles, if any, in placing a monetary value on the wrongful death claim.

Likewise, Plaintiff has shown good cause to re-open discovery to depose Mr. Quagliato. Mr. Quagliato first was identified as a potential witness during Mr. Gertz's May 9, 2012 deposition. However, it was not until Mr. Corry's deposition that Plaintiff realized that Mr. Quagliato was the ultimate decision maker. The Court is sympathetic to Defendant's argument that Plaintiff could have learned of Mr. Quagliato earlier if she had not waited until the very end of discovery to depose Mr. Gertz and after the close of discovery to depose Mr. Corry. GEICO, however, failed to identify Mr. Quagliato as a potential witness in its Rule 26 initial disclosures and failed to supplement its disclosures as required by Fed.R.Civ.P 26(e). While neither party was without fault, the Court finds that the equities weigh in favor of Plaintiff because Mr. Quagliato may ultimately be an important witness in this action.

Accordingly, Plaintiff's Motion to Compel Depositions of John Quagliato, Sallie Currie and Gary Gertz (Doc. 70) is **GRANTED** to the extent that on or before **July 31, 2012,** Plaintiff may:

(1) re-depose Ms. Currie and Mr. Gertz, but shall limit such examination to questions directly related to the documents produced by GEICO in response to the Court's recent Order (Doc. 67), along with their respective roles, if any, in placing a monetary value on the wrongful death claim; and

(2) depose Mr. Quagliato.

**DONE** and **ORDERED** in Ocala, Florida on July 17, 2012.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties